HUNTINGTON *versus* BELL, et al.

Where executions are issued against personal property, which has been claimed by a third person, under the statute, and before the trial of the right is determined, other executions are issued upon the same judgment, and levied upon the same property—an injunction will lie to restrain proceedings on the latter.

THIS case originated in a bill for injunction, filed by Huntington against Bell, *et al*, in the Circuit Court of Dallas. The bill disclosed—that sundry executions had been levied on a slave of the complainant, as the property of one Miller, upon a judgment against him, and that on trial of the right of property, in pursuance of the statute, a verdict was rendered in favor of complainant, from which an appeal was taken to the Circuit Court. That before any final adjudication of the cause, three other executions were issued on the same judgment, and levied on the same slave, to restrain which, the injunction was prayed. The Court below, rendered a decree dissolving the injunction, and Huntington, by writ of error, brought the case into this Court.

PICKENS, for Plaintiff.—The Court below, sustained the demurrer to the bill, on the ground, it is supposed, that the complainant had a remedy at law. The party, it is true, might not be left wholly without remedy at law; but the relief sought is preventive relief: it is to restrain the defendant from carrying into effect a sale, by which the complainant might sustain much injury. The kind of relief sought, is different from that which might afterwards be obtained by way of damages from a court of law. This is one of the appropriate offices of a court of chancery, interposing its power to give present relief, to prevent

mischief, multiplicity of actions, and unnecessary litigation. Huntington only asked for a stay of injurious proceedings against him, until a trial of the right of property could be had, which was then pending.

By Mr. Justice THORNTON:.

This cause is brought up by writ of error, to a decree of a chancellor, dissolving an injunction, and dissolving a bill filed by the plaintiff in error against the defendants. The final decree was pronounced upon a demurrer to the bill, and no reasons are assigned for which the decree was entered. The matters in the bill are to be taken as all true; and they present a case, we think, which called for the aid of the protecting powers of a court of equity.

Three executions from a justice of the peace, on judgments rendered in favor of the defendant, Bell, were levied upon a negro slave, as the property of one Stephen Miller, the defendant in said executions : whereupon, a claim to the said slave was preferred by the complainant, according to the statute regulating the trial of the right of property ; and by the verdict of a jury, the claim was sustained, and the slave declared not to be liable to the satisfaction of the executions. It seems that an appeal was taken to the Circuit Court, from the said decision of a jury, and that before any final trial of that matter, three *alias fi. fas.* were issued upon the same judgments, and levied a second time upon the same slave. The bill prays, to enjoin the defendant, Bell, from further proceedings on his said executions against the said slave, until the appeal should be finally heard, and for such other relief as might seem meet.

The statute allows a plaintiff in execution, after a a levy and claim of the property by a third person, to issue other executions on his judgment, to be levied

on other property than that claimed; but to allow the same property to be taken by such second execution, especially after a verdict that it .is not liable, would be making a mere farce of the whole proceeding under the act. We must presume that, in the dissolution of the injunction, and dismissal of the bill by the chancellor below, he was influenced by the consideration, that an adequate remedy could be pursued by the complainant in the courts of law; for, the matters disclosed in the bill evidently show a manifest abuse of legal process, greatly to the injury, of the complainant. I cannot perceive, however, any strictly legal course, by which redress could be afforded to him. A *supersedeas* of these executions could not be effected by a prayer for that writ to a Judge of a Circuit or County Court; for that prayer is only granted, where, from an inspection of the record, it would seem that an execution had improperly issued. If the *memoranda* in the justice's book could be dignified with the name of a record; which I believe has never been allowed, yet the matters which, altogether, form the ground of the relief sought here, would not appear in such a transcript. The fact, that the appeal taken to the trial of the right of property, has not yet been determined adversely to the complainant, would not appear: nor could the execution be restrained in that mode of procedure, from a particular subject: it would be either not superseded at all, or superseded *in toto;* which last would be an injury to the plaintiff in execution, not warranted by the law. A *certiorari* of the case would only result in a trial *de novo,* which would not reach the complaint; because, no matter which merely goes to suspend an execution, or to divert it from a particular subject, could constitute a bar to the action. The *audita querela,* has been superseded by the express decisions

of this Court, if it were an appropriate remedy for the abuse of process, from a justice of the peace. The only remedy, I apprehend, which can be afforded, is furnished by the bill of injunction; to which, the objection, that it relates, in cases like this, to a personal matter, and so could be compensated by an action at law for damages, has been solemnly overruled by this Court, as well as by other tribunals in the United States, of the highest legal authority. It is, therefore, decreed by this Court, that the decree below be reversed, the injunction be re-instated, and that the chancellor below, make such further orders and decrees, as the justice of the case may require, not inconsistent with the principles of this opinion.